```
Date: 02/21/2006  16:06:54              Docket Sheet                    Page: 1
CRTR5925                                  Summary
```

| Case Number | Status | Judge |
|---|---|---|
| 2006 CA 000231 B | Open | BRODERICK, PATRICIA A |

| In The Matter Of | Action |
|---|---|
| PEAY Jr, T. MICHAEL Vs. THE HOME DEPOT | Complaint for Harassment Filed |

| Party | | Attorneys |
|---|---|---|
| PEAY Jr, T. MICHAEL | PLNTF | CONDON, Mr ROBERT F |
| THE HOME DEPOT | DFNDT | |

| Opened | Disposed | Case Type |
|---|---|---|
| 01/17/2006 | Undisposed | Civil II |

Comments:

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| | 02/01/06 | Alias Summons Issued for The Home Depot Filed  Receipt: 26655  Date: 02/01/2006 | 10.00 | 0.00 |
| | 01/19/06 | Issue Date: 01/19/2006<br>Service: Summons Issued<br>Method: Service Issued<br>Cost Per: $<br><br>THE HOME DEPOT<br>2455 Peces Ferry Road, NW<br>ATLANTA, GA  30339<br>Tracking No: 5000011017 | 0.00 | 0.00 |
| | 01/17/06 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 04/21/2006    Time: 9:30 am<br>Judge: BRODERICK, PATRICIA A    Location: Courtroom 112 | 0.00 | 0.00 |
| | 01/17/06 | Complaint for Harassment Filed  Receipt: 24898  Date: 01/17/2006 | 120.00 | 0.00 |

```
                    Totals By:  Cost                    130.00       0.00
                                Information               0.00       0.00
                         *** End of Report ***
```

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| T. MICHAEL PEAY, JR.<br>66 S. Street, N.W.<br>Washington, D.C. 20001,<br><br>Plaintiff.<br><br>Vs.<br><br>THE HOME DEPOT<br>2455 Paces Ferry Road, N.W.<br>Atlanta, GA 30339-4024<br>Serve:<br><br>Defendant.<br><br>Serve:<br>C.T. Corporation Systems<br>1015 15th Street, N.W.<br>Washington, D.C. 20005 | )<br>)<br>)<br>)   C.A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |



### COMPLAINT FOR DISCRIMINATION IN EMPLOYMENT

Plaintiff, T. Michael Peay, Jr. (hereinafter "Plaintiff"), by undersigned counsel, for his complaint against Defendant, The Home Depot (hereinafter "Defendant" or "Home Depot"), alleges as follows:

1. Plaintiff is a resident and citizen of the District of Columbia.

2. Defendant is a foreign corporation transacting business in the District of Columbia and maintaining a place of business in the District of Columbia.

3. All acts giving rise to this complaint took place in the District of Columbia.



4. This Court has jurisdiction pursuant to the relevant provisions of the D.C. Code, including but not limited to §2-1403-16, and venue is proper in this Court.

5. This action arises pursuant to D.C. Code, §2-1403-1, *et seq.* in that it alleges discrimination on the basis of race in a place of employment.

### FACTUAL BACKGROUND

6. Plaintiff was employed in a Home Depot store located on Brentwood Avenue, N.E., Washington, D.C. in April 2004 and had been so employed since 1996. He occupied the position of Inventory Management Associate.

7. On or about March 24, 2004, while Plaintiff was on a lunch break in the parking area outside the store, he was confronted by a terminated former employee and another male who threatened to engage in physical confrontation with Plaintiff. The confrontation was begun by this former employee earlier in the store and consisted of threatening gestures and and loud threatening words. Plaintiff did not engage this former employee at the time and had not done anything or said anything that might have provoked this conduct.

8. Plaintiff at no time either earlier or in the parking lot engaged in any belligerent conduct, physical contact of any sort or other provocative conduct when threatened by the men. No such physical contact was ever engaged in by either side and the two aggressors were caused to leave the scene by other employees of the store or others in the parking lot.

9. Plaintiff immediately reported the incident to the Human Resources office and provided a written statement. He was informed that he was on suspension until an investigation was conducted and advised to go home on the same date, March 24, 2005. Plaintiff also filed a criminal complaint with the Metropolitan Police.

10. Plaintiff, who is an African-American male, was ultimately advised that his employment was terminated for cause, the cause purportedly being misconduct based on the incident in the parking lot. The parking lot incident involved a terminated former employee, who had been banned from entering the store or parking lot and a very belligerent second man, who Plaintiff believes is his brother.

11. A number of witnesses at the scene verified Plaintiff's version of events and a videotape of the incident exists or existed at the time that would further corroborate Plaintiff.

**FIRST CAUSE OF ACTION – DISCRIMINATION IN THE WORKPLACE**

12. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 11, above, as if fully set forth herein.

13. The store manager at the time, John Reiter, who is a white male and who was responsible for the termination of Plaintiff's employment, had exhibited continued animosity toward Plaintiff for some time prior to this incident for no good reason. Mr. Reiter did not exhibit such unreasonable animosity toward Non African- Americans. Plaintiff enjoyed an excellent

business reputation and received high marks in each and every prior evaluation during his work tenure at Home Depot.

14. Plaintiff submits that his termination for cause was a pretext on the part of Home Depot, acting through its duly authorized employee, particularly John Reiter, to engage in discrimination against Plaintiff on the basis of his race and color. Mr. Reiter has also engaged in a pattern and practice of replacing black employees, who have left the store for one reason or another, with white employees, regardless of the availability of more qualified black applicants.

15. In addition, while Plaintiff was still employed at Home Depot, Defendant, by and through its duly authorized employees, particularly John Reiter, created a hostile work environment, which resulted in an atmosphere of great stress and emotional distress to Plaintiff.

16. As a direct and proximate result of the actions of Defendant, Plaintiff suffered and was caused to suffer material and grievous damage in the form of lost income, emotional distress, damage to his reputation and good name and other damages to be proven at trial.

WHEREFORE, under Count I of the Complaint, Plaintiff demands judgment against Defendant, The Home Depot, in an amount to be determined in the course of trial, but believed to be in excess of $ 100,000.

Respectfully submitted,

Robert F. Condon, #108290
818 18th Street, N.W., Suite 410



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

T. MICHAEL PEAY Jr
Vs.
THE HOME DEPOT US A INC

C.A. No.    2006 CA 000231 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge PATRICIA A BRODERICK
Date: January 17, 2006
Initial Conference: 9:30 am, Friday, April 21, 2006
Location: Courtroom 112
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

T. MICHAEL PEAY
_Plaintiff_

vs.

THE HOME DEPOT USA, INC.,
2455 PACES FERRY RD
ATLANTA, GA 30339
_Defendant_

Civil Action No. 06-231

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Clerk of the Court_

ROBERT F. CONDON
Name of Plaintiff's Attorney

818 18TH ST. NW SUITE 410
WASHINGTON, DC 20006
Address

202 861 0070
Telephone

By _____
Deputy Clerk

Date 2-__

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03